AO 91 (Rev. 11/11) Criminal Complaint

AUSA: C. Barrington Wilkins  Telephone: (313) 226-9100
Special Agent: Bryan Norburn, HSI  Telephone: (313) 614-9583

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.

Muhammad SHAIKH

Case No. 2:25−mj−30068
Assigned To : Unassigned
Assign. Date : 2/12/2025
Description: CMP USA V.
MUHAMMAD SHAIKH (DA)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of February 11, 2025 in the county of Wayne in the Eastern District of Michigan SD, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(A) | Possession with intent to distribute cocaine, a schedule II controlled substance |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

*Bryan Norburn*
Complainant's signature

Bryan Norburn, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: February 12, 2025

*Elizabeth A. Stafford*
Judge's signature

City and state: Detroit, Michigan

Hon. Elizabeth Stafford, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Bryan Norburn, being sworn, depose and state the following:

## INTRODUCTION

1. This affidavit is in support of a criminal complaint charging Muhammad SHAIKH with possession with intent to distribute cocaine, a schedule II-controlled substance in violation of Title 21, United States Code, Sections. 841(a)(1) and (b)(1)(A).

2. I am a Special Agent with Homeland Security Investigations (HSI) and have been employed in this capacity since September 2022. Prior to this appointment, I was a Deportation Officer with Immigrations & Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) for approximately seven years. During the time with ERO, I was assigned to the U.S. Marshals Fugitive Task Force for approximately two years. Before that, I was a Border Patrol Agent for approximately six years. I am currently assigned to the HSI Violent Crime Group.

3. I make this affidavit based on my participation in this investigation, as well as information received from other law enforcement officials and/or their reports and records. The information outlined herein is provided for the limited purpose of establishing probable cause and does not contain all information known to law enforcement pertaining to this investigation.

4.     As set forth in more detail below, this investigation has shown that on or about February 11, 2025, Muhammad SHAIKH attempted to exit the U.S. to Canada via the Detroit Ambassador Bridge, located in the Eastern District of Michigan. There is probable cause to conclude SHAIKH possessed with an intent to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## **PROBABLE CAUSE**

5.     On February 11, 2025, the Detroit Contraband Enforcement Team (DCET) was conducting outbound enforcement operations at the Detroit Ambassador Bridge. At approximately 6:05 PM, DCET Customs and Border Protection Officers (CBPO) contacted the driver of a commercial tractor (Ontario PA83962) hauling an Ontario plated trailer (ON N1749Y). The driver of the tractor trailer was later identified as Muhammad SHAIKH. DCET CBPO Bass asked SHAIKH where he was coming from and what he was hauling and SHAIKH stated, "auto parts from Indiana." CBPO Bass obtained a negative declaration from SHAIKH for any guns, ammunition, military equipment, or currency over $10,000. CBPO Bass referred the semi-truck over for further inspection.

6.     Once in the secondary inspection area, CBPO Urban asked SHAIKH to place the vehicle in park, set the air brakes and step out of the

cab. CBPO Kocibelli began inspecting the inside of the cab. CBPO Kocibelli inspected underneath the bunk and immediately noticed five duffle bags. CBPO Kocibelli opened one of the duffle bags and discovered several plastic vacuum-sealed black brick bundles. CBPOs placed SHAIKH in handcuffs.

7.  CBP Canine Enforcement Officer Ingram and her service dog Soyer conducted a canine sniff of the cab. CBPO Ingram confirmed that Soyer alerted to the trained odor of narcotics underneath the lower bunk compartment area of the cab.

8.  Five duffle bags were removed from inside the cab. The individually wrapped bundles were weighed with a total weight of 110.45 kilograms. Narcotics Gemini testing was conducted on several of the individually wrapped bundles. The bundles varied in weight and all the tested parcels returned positive for cocaine.

9.  At Approximately 9:30 PM, HSI Special Agents interviewed SHAIKH. SHAIKH was advised of his Miranda statement of rights and waived his rights. SHAIKH stated that he entered the U.S. the morning of February 11, 2025. After entering the U.S., SHAIKH stated he drove to Gary, Indiana, to load his truck with auto parts. SHAIKH stated he was smoking marijuana while waiting in line for his truck to be loaded. SHAIKH stated an unknown male individual approached him and demanded that he deliver

packages into Canada. SHAIKH stated the unknown individual handed him a cellphone and said he must make a delivery and that if he successfully did so he would be paid $5,000. SHAIKH stated the individual took a picture of SHAIKH's identification. SHAIKH stated he witnessed the individual load the cab of his vehicle with several duffle bags. SHAIKH stated he was instructed to drive into Canada and would receive further instructions once across the border. SHAIKH stated he made no stops along the return to Canada. Once CBP discovered the cellphone that SHAIKH possessed, the cellphone data was remotely erased. Prior to the phone's data being wiped, CBP officers were able to retrieve a screenshot of an incoming call through the application What's App from Coast 23 ID: 8779415340. CBP located the recently used applications on the cellphone, locating the calculate application which displayed 22,500-17,000=5,500.

10.   SHAIKH stated that he has worked for his current company Verspeeten Cartage Ltd. for several years. SHAIKH stated he has never been approached by anyone before to smuggle narcotics to Canada, nor did know anyone who has been approached.

11.   Based on my training and knowledge, the volume of controlled substances and the manner in which they were being transported from the

U.S. to Canada is indicative of a broader drug trafficking effort that is involved in the further distribution of the controlled substances.

## CONCLUSION

12. Based on my knowledge, drug trafficking organizations transport several million dollars of cocaine in a coordinated manner. Every individual involved in the transportation of cocaine are known to the organization and reimbursed monetarily by the organization. Based on the above, probable cause exists to show that Muhammad SHAIKH possessed with the intent to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

_____
Bryan Norburn
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
or by reliable electronic means.

_____
Hon. Elizabeth A. STAFFORD
United States Magistrate Judge